IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ESTHER VOLKAN, | ) |
|      Plaintiff, | ) |
| v. | )    No. 4:22 CV 767 RWS |
| LIGHT HOUSE VAN LINES, LLC, | ) |
| a New Jersey limited liability company, | ) |
|      Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before me on Plaintiff Esther Volkan's motion for a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Volkan filed this lawsuit against Defendant Light House Van Lines, LLC on July 20, 2022, under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. In her complaint, Volkan alleges, among other things, that some of her personal property was damaged and/or lost while under the control of Light House, who had accepted the property for shipment from Earlysville, Virginia, to University City, Missouri. The damages claimed by Volkan include the costs to repair or replace her damaged and lost property, plus the amount she paid to have the property shipped. Volkan also seeks to recover attorneys' fees and costs.

Volkan filed a motion for the Clerk of Court's entry of default against Light House on December 13, 2022. Because the record reflected service of summons

upon Light House on October 12, 2022, and Light House failed to file an answer or other responsive pleading within the time required under Rule 12 of the Federal Rules of Civil Procedure, the Clerk of Court entered default against Light House on December 14, 2022, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Volkan filed the present motion for a default judgment on January 11, 2023. In support of her motion for a default judgment, Volkan has submitted a memorandum, several affidavits, and other materials.

Volkan requests that I enter a judgment for damages against Light House in the amount of $39,767.37.[1] The total amount of damages sought by Volkan include: $11,246.16 for the amount she paid Light House to ship her property from Virginia to Missouri; $262.50 for the amount she paid for an inspection of her damaged property; $19,452.71 for the estimated cost of repairing some of her damaged property; $2,565.00 for the estimated cost of her other lost and damaged property; $788.00 for the amount she paid to have some of her property reassembled; and $5,453.00 for legal fees and expenses.

The Carmack Amendment imposes liability for "'actual loss or injury' to goods damaged in interstate transport." Just Take Action, Inc. v. GST (Ams.) Inc., No. 04-3024 ADM/RLE, 2005 WL 1080597, at *4 (D. Minn. May 6, 2005) (quoting

---

[1] In her motion for a default judgment, Volkan requests a judgment for damages in the amount of $39,760.40. However, in her subsequent memorandum, Volkan requests a judgment for damages in the amount of $39,767.37. The damages itemized by Volkan total $39,767.37.

49 U.S.C. § 14706(a)(1)). "A carrier's liability under the Carmack Amendment includes all reasonably foreseeable damages resulting from the breach of its contract of carriage, 'including those resulting from nondelivery of the shipped goods as provided by the bill of lading.'" Dahlsten Truck Line, Inc. v. T.J. Marquart & Sons, Inc., No. 8:14CV54, 2015 WL 13849219, at *5 (D. Neb. May 18, 2015) (quoting Air Prods. & Chems., Inc. v. Illinois Cent. Gulf R.R. Co., 721 F.2d 483, 485 (5th Cir. 1983)). The Carmack Amendment also authorizes attorneys' fees under certain circumstances when "household goods" are at issue. See 49 U.S.C. § 14708(d).

When the Clerk of Court enters default against a defendant, the defendant's "liability to the plaintiff is deemed established and the plaintiff is not required to establish [her] right to recover. The allegations of the complaint except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973) (quoting 3 Barron & Holtzoff, Fed. Practice & Procedure § 1216, pp. 85–86 (1958)). Accordingly, for purposes of ruling on Volkan's motion for a default judgment, I accept as true all factual allegations in her complaint. Based on those allegations and the materials submitted by Volkan in support of her motion for a default judgment, I find that she is entitled to the relief requested, except for the amount she paid Light House to ship her property.

The Supreme Court has described the Carmack Amendment as "comprehensive enough to embrace all damages resulting from any failure to

3

discharge a carrier's duty with respect to any part of the transportation to the agreed destination." Southeastern Express Co. v. Pastime Amusement Co., 299 U.S. 28, 29 (1936).  However, "[t]he 'ordinary measure of damages' in Carmack Amendment cases serves to put the shipper in the position [she] would have been in had the carrier fully performed …." Mach Mold Inc. v. Clover Assocs., Inc., 383 F.Supp.2d 1015, 1032 (N.D. Ill. 2015) (citing Gulf, Colo. & Santa Fe Ry. Co. v. Tex. Packing Co., 244 U.S. 31, 37 (1917)).  Here, awarding damages to Volkan for the amount she paid Light House to ship her property would not put her in the same position she would have been in had Light House fully performed; it would put her in a better position.  Nor was the amount Volkan paid Light House to ship her property an "actual loss or injury" to her goods.  As a result, I find that Volkan is not entitled recover the $11,246.16 she paid Light House to ship her property.

    For the foregoing reasons, Volkan's motion for a default judgment will be granted.  Volkan will be awarded damages in the amount of $28,521.21, which represents the sum of the amount she paid for an inspection of her damaged property, the estimated cost of repairing some of her damaged property, the estimated cost of her other lost and damaged property, the amount she paid to have some of her property reassembled, and the amount she paid in legal fees and expenses.

    Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Esther Volkan's motion for a default judgment [12] is **GRANTED**. Plaintiff Esther Volkan will be awarded damages in the amount of $28,521.21 with interest as allowed by law.

A separate Judgment in accordance with this Memorandum and Order will be entered on this same date.

*[signature]*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of March 2023.